IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | |
| BERRIEN AND LISA SUTTON, | : | Criminal Action No. |
| | : | 5:08-CR-40(HL) |
| Defendants. | : | |
| | : | |
| | : | |

# ORDER

Before the Court is Defendants Berrien and Lisa Sutton's Joint Motion to Correct Order Pursuant to Federal Rule of Criminal Procedure 36 or, in the Alternative, Motion for Reconsideration (Doc. 230). Defendants seek to have the Court correct its December 19, 2008 Order (Doc. 207), which was entered after the Court held a motions hearing on December 17 and 18. In the alternative, Defendants seek reconsideration of the Court's order for the Government to produce only a specific category of wiretap intercepts. For the following reasons, the Motion is denied.

I. FACTS

At the motions hearing, the Court addressed the Suttons's pending Motion for Release of Brady Materials (Doc. 85). During argument on the Suttons's Brady Motion, Tom Withers, counsel for Berrien Sutton, argued that some of the wiretap

1

intercepts of Judge Blitch contain exculpatory material under Brady, and therefore, the Defendants were entitled to their production. In support of this argument, Withers mentioned a specific intercepted conversation between Judge Blitch and Robert Sumner. (Dec. 18th Hr'g Tr. at 64.) The contents of that conversation were referenced in an affidavit by F.B.I. agent Jim Grady. (Id.) Based on Grady's declarations, Withers argued that the intercept of that specific conversation contained exculpatory material. (Id.)

The Court and counsel for the Government, Leah McEwen, then proceeded to discuss the Blitch-Sumner conversation. McEwen maintained that the conversation was not exculpatory, and therefore, it did not have to be produced. (Id. at 66.) Nevertheless, McEwen urged the Court to review the conversation in camera before making a ruling. (Id.) At the conclusion of the Court's colloquy with McEwen, the Court ordered the Government to "pack it up and send it to me for in-camera inspection." (Id. at 67.) Subsequently, Charlie Cox, counsel for Lisa Sutton, asked:

> "[J]ust to be clear, what's being sent to the court, is it only that one intercept, or is it all intercepts in which Judge Blitch has been intercepted discussing giving a job to either Mr. Sutton or Ms. Sutton, because it's our position that all of those intercepts should be turned over, particularly if the intercept simply refers to him giving a job to someone because he thinks they need the money–"

(Id. at 68) (emphasis added). The Court answered, "Do them all." (Id.)

On December 19, 2008, the Court issued a written Order on several of the Suttons's Motions. In that Order, the Court specifically stated that it would reserve ruling on their <u>Brady</u> Motion, but the Court directed the Government to produce for the Court's in camera inspection "transcripts and copies of intercepted communications in which Defendant Blitch can be heard discussing the giving of jobs to others. The Court will review these materials to determine whether they may contain any exculpatory information." (Dec. 19th Order at 3.) The Suttons argue that this written Order by the Court is contrary to the Court's oral pronouncement during the hearing. Specifically, the Suttons argue that the Court's oral order to "Do them all" constituted an order for the Government to produce all wiretap intercepts of Judge Blitch, not just those in which he can be heard discussing giving jobs to others.

## II.   DISCUSSION

The Suttons have taken the Court's words out of context. The Court's order to "Do them all" came in response to a question from attorney Cox that asked whether the Government was to produce to the Court the specific wiretap intercept of the Blitch-Sumner conversation, or whether it was to produce all conversations in which Judge Blitch discussed giving jobs to others. Cox argued that <u>those</u> intercepts–i.e., the intercepts of Blitch discussing the giving of jobs to others–should be "turned over" as well. When the Court directed the Government to "Do them all," the Court was ordering the Government to produce the intercepts Cox requested.

3

Thus, the Court's written Order of December 19th is consistent with what the Court ordered during the hearing. The Motion to Correct is denied.

In the alternative, the Suttons have requested that the Court reconsider its decision not to order production of all the Blitch intercepts. The Suttons's request is premature as the Court has not issued a ruling on their pending <u>Brady</u> Motion. As the Court stated in its December 19th Order, the Court has reserved ruling on that Motion until the Government provides the Court with the intercepts it was ordered to produce. When the Court issues a ruling on the pending <u>Brady</u> Motion, the Court will address the issue of whether the Suttons are entitled to all the intercepts. Accordingly, the Motion for Reconsideration is denied.

### III.  CONCLUSION

For the foregoing reasons, the Suttons's Motion is denied.

**SO ORDERED**, this the 27th day of January, 2009.

*s/   Hugh Lawson*
**HUGH LAWSON, Judge**

dhc