IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | |
| BERRIEN AND LISA SUTTON, | : | Criminal Action No. |
| | : | 5:08-CR-40(HL) |
| Defendants. | : | |
| | : | |
| | : | |

# ORDER

In accordance with the oral rulings of this Court on the Government's and Defendants' Motions during the February 26, 2009, Pretrial Conference of this case, the Court hereby orders as follows:

1. Government's Motions for Reciprocal Discovery (Docs. 215 & 216) are granted as the Suttons have agreed to provide the Government with reciprocal discovery.

2. The Suttons' Supplemental Brady Motion (Doc. 246) is granted.

3. The Government's Motion in Limine to Preclude Improper Questioning, Evidence, or Argument (Doc. 247) is denied. The parties can make individual objections at trial to preclude improper questioning, evidence, or argument.

4. Lisa Sutton's Motion in Limine Regarding Government's Use of the Term "Divert" (Doc. 260) is denied. The Suttons may make individual objections at trial to terms they deem inappropriate.

1

5. The Suttons' Motion to Exclude Expert Testimony (Doc. 261) is denied.

6. The Suttons' Motion in Limine to Exclude Statements, Arguments, and Evidence (Doc. 274) is denied. The parties can make individual objections at trial to preclude improper questioning, evidence, or argument.

7. The Suttons' Motion in Limine to Exclude the Introduction of Evidence of Any Co-Conspirator Hearsay Statement (Doc. 265) is denied as this Court previously determined that a pretrial James hearing will not be held.

8. The Suttons' Motion in Limine Regarding Government's Use of the Terms "Kickback" or "Under the Table Payment" (Doc. 266) is denied. The Suttons may make individual objections at trial to terms they deem inappropriate.

9. The Suttons' Motion for Partial Reconsideration of Order Issued January 29, 2009 (Doc. 268) is granted. The Government shall release to the Suttons all wiretap intercepts. All objections to the admissibility into evidence of such intercepts can be made at trial.

10. The Suttons' Joint Notice of Introduction of Statements (Doc. 267). The statements of the prosecution are excluded because the statements that the Suttons seek to introduce are not admissions. The admissibility of Judge Blitch's statements will be ruled on at trial.

11. Lisa Sutton's Motion in Limine to Protect Marital Privilege and Prevent the Government from Introducing Statements of Berrien Sutton Against Lisa Sutton (Doc. 259) is denied in part as moot and the Court reserves ruling in part. As to the marital

communications privilege, the Motion is denied as moot as the Government has asserted that it does not intend to introduce any statements that are subject to the marital communications privilege.  Should the Government attempt to introduce at trial such privileged communications, the Suttons may object at that time.  As to Berrien Sutton's statement to the JQC, the Court reserves ruling until trial on that statement's admissibility under Bruton.

12. The Suttons' Motion to Quash Trial Subpoenas (Doc. 300) is denied.  The subpoenas are directed to corporations and request the production of corporate records.  Under the collective entity doctrine, the Suttons may not assert their Fifth Amendment right against self-incrimination to avoid the production of these documents. Second, the subpoenas are not unreasonable and oppressive.  Finally, the records requested from Sutton & Associates are billing records and are not protected by the attorney-client privilege.

13. Berrien Sutton's and Lisa Sutton's Motions for Severance (Docs. 290 & 291) are denied.  The Suttons will be tried jointly.  If the Government attempts to introduce evidence at trial that is inadmissible under Bruton, such evidence will be excluded.

    **SO ORDERED**, this the 27th day of February, 2009.

                                    *s/  Hugh Lawson*
                                    **HUGH LAWSON, Judge**

dhc