IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON AND VALDOSTA DIVISIONS

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | |
| : | Case No. 5:08-cr-40 (HL) |
| BERRIEN L. SUTTON, : | |
| : | |
| Defendant. : | |
| _____ : | |

### RECOMMENDATION ON MOTION TO VACATE

On March 4, 2009, Petitioner Berrien L. Sutton entered a plea of guilty to Count One of a nineteen-count indictment.[1] Count One alleged a conspiracy to commit honest services fraud in violation of 18 U.S.C. § 1346. Pursuant to the plea agreement, Counts Two through Eight and Count Eleven of the Indictment were dismissed. Sutton was sentenced on December 1, 2009, to serve a term of six years probation, to pay a fine of $10,000, and to make restitution to the State of Georgia in the amount of $255,000. On June 24, 2010, the United States Supreme Court issued its opinion in the case of Skilling v. United States, 130 S.Ct. 2896 (2010), in which the Court limited the scope of the honest services fraud statute. In light of the holding in Skilling, Sutton has moved to vacate his sentence under the provisions of 28 U.S.C. § 2255.

The Supreme Court's holding in Skilling requires this Court to vacate Sutton's sentence. In Skilling the Court held that the honest services fraud statute applies only to bribery and kickback schemes. Because of vagueness concerns, the statute cannot be applied to prosecute self-dealing by a public official with a financial conflict of interest. In Sutton's case, the Indictment and the factual basis set forth in the plea agreement do not describe a bribery or kickback scheme, but

---

[1] Sutton was named only in Counts One through Eight and Count Eleven.

1

instead relate to the sort of self-dealing that the Skilling opinion held to be outside the scope of honest services fraud. Because the conspiracy alleged in Count One of the Indictment is based on a scheme to commit honest services fraud, Sutton's conviction cannot survive invalidation of the honest services fraud charge.

The "honest services fraud" statute, found at 18 U.S.C. § 1346, is an adjunct to the general federal fraud statutes that prohibit mail fraud, wire fraud, and other types of fraud. Mail fraud and other fraud offenses are defined in Chapter 63 of Title 18 of the United States Code. As part of this Chapter, Section 1346 expands on the definition of the term "scheme or artifice to defraud." Section 1346 provides, in its entirety: "For the purposes of this chapter, the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346.

In Skilling, the Supreme Court reversed the conviction of former Enron executive Jeffrey Skilling on a charge of honest services fraud. The majority opinion, written by Justice Ginsburg, observed that the Supreme Court and other courts had long struggled with the meaning of the term "intangible right of honest services." Acknowledging the vagueness of the term, the majority nevertheless found that it had "always been 'as plain as a pikestaff that' bribes and kickbacks constitute honest services fraud." Skilling, 130 S.Ct. at 2933 (quoting Williams v. United States, 341 U.S. 97, 101 (1951). The Court thus held that Section 1346 "criminalizes *only* the bribe-and-kickback core" accepted by prior case law. Id. at 2931 (emphasis in original).[2] Because Skilling's conduct did not involve bribery or kickbacks, his conviction was reversed.

---

[2] Five justices joined in Justice Ginsburg's opinion regarding the honest services fraud statute. Three justices, Scalia, Thomas, and Kennedy, concurred in the result but argued that the entire statute was unconstitutionally vague.

In Sutton's case, the conduct alleged in Count One of the Indictment and in the factual basis of the plea agreement does not fall within the "bribe-and-kickback core" of Section 1346. The plea agreement states that co-defendant Brooks Blitch, chief judge of the Alapaha Judicial Circuit, appointed Sutton to a part-time juvenile court position "as a financial favor for Sutton's representation of the Blitch family members and their corporate entities." Plea Agreement 14-15 (Doc. 317). Sutton served as a juvenile court judge in the Alapaha Circuit from 2001 to 2007 and received an annual salary of $42,500, although he "performed almost no duties as juvenile court judge until early 2007." Id. at 15. The factual statement gives no indication that Sutton bribed Blitch in order to get the juvenile court position or that Sutton gave Blitch a kickback to obtain or reward favorable treatment.

The scheme described in the plea agreement involves self-dealing and conflicting financial interest, a type of conduct expressly distinguished by the Court in Skilling. In Skilling, the Court rejected the Government's argument that Section 1346 proscribed "undisclosed self-dealing by a public official or private employee – *i.e.*, the taking of official action by the employee that furthers his own undisclosed financial interests while purporting to act in the interests of those to whom he owes a fiduciary duty." Skilling, 130 S.Ct. at 2932. In this case, the plea agreement states that Blitch's family members owed Sutton attorney fees. This debt may have created a conflict of interest for Blitch. According to the plea agreement, Blitch used his authority as chief judge to further his family's interests, by making an appointment as a favor to a personal friend who had performed legal services for the Blitch family. The agreement further alleges that Sutton accepted the appointment as a sinecure, to further his own financial interests without any intention of acting for the benefit of the State of Georgia in his position as juvenile court judge. Such conduct, however condemnable or unethical or illegal under State law, does not fall within the "bribe-and-kickback

core" of honest services fraud under federal law. It is exactly the sort of conduct that the Court in Skilling found not to be prohibited by the honest services fraud statute.

Because the factual basis outlined in the plea agreement in this case was insufficient to support a conviction for honest services fraud in light of the Skilling decision, Sutton's sentence must be vacated. Although Count One of the Indictment references the wire fraud and mail fraud statutes (18 U.S.C. §§ 1341 and 1343), the essence of the conspiracy was the defendants' "scheme and artifice to defraud the citizens of the State of Georgia of their honest services." Indictment 16 (Doc. 1). The Indictment alleges that the defendants furthered this scheme by using the mails or by transmitting communications in interstate commerce. Id. The plea agreement simply states that Sutton used the United States Mail to receive his quarterly paycheck for his juvenile court position. Plea Agreement 15 (Doc. 317). In the absence of facts to establish a "scheme and artifice" of honest services fraud, the mail and wire fraud charges cannot stand on their own. Accordingly, IT IS RECOMMENDED that Sutton's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 391) be **GRANTED**.

In light of the Eleventh Circuit's holding in Mamone v. United States, 559 F.3d 1209 (11th Cir. 2009), it is not clear that Section 2255 authorizes collateral relief for noncustodial punishments such as fines and restitution. In this case, however, Sutton may obtain redress of the noncustodial aspects of his sentence through a writ of error *coram nobis*. The Eleventh Circuit has held that *coram nobis* is available in cases where a defendant is convicted based on a guilty plea to charges that do not constitute a crime. United States v. Peter, 310 F.3d 709 (11th Cir. 2002). In Peter, after the defendant had completed his sentence, the Supreme Court entered an opinion that "established that the conduct with which [the defendant] was charged is not proscribed by the statute he was convicted of violating." Id. at 710. Because the defendant was no longer in custody, he was not

4

entitled to relief under Section 2255.  The court held, nevertheless, that the defendant was entitled to *coram nobis* relief because the district court did not have jurisdiction to accept a plea to conduct that did not constitute a crime under the statute charged.  Such jurisdictional error "is by its nature of such a 'fundamental character' as to render proceedings 'irregular and invalid' . . . and *coram nobis* relief affords a procedural vehicle through which such error may be corrected." Id. at 715 (quoting United States v. Morgan, 346 U.S. 502, 509 n. 2 (1954)).

The error in this case is essentially identical to the jurisdictional error in Peter.  After Sutton's conviction, the Supreme Court issued an opinion establishing that the conduct for which Sutton was convicted did not constitute a crime under the statutes charged in the indictment.  Where there was no federal crime alleged, this Court had no jurisdiction to impose a sentence in the case, and that error should be corrected not only as to the custodial aspects of the sentence, but also as to the financial penalties imposed.  Accordingly, IT IS FURTHER RECOMMENDED that Sutton's motion to vacate be construed as a motion for writ of *coram nobis,* as it applies to the noncustodial aspects of Sutton's sentence, and that the writ be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 10th day of November, 2011.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge